| | |
|---|---|
| WILLIAM ALLEN SMITH,<br><br>                Petitioner,<br><br>   v.<br><br>STUART SHERMAN, Warden,<br><br>                Respondent. | No. 1:15-cv-01696-LJO-SKO HC<br><br>**ORDER REGARDING PETITIONER'S REQUEST FOR DISPOSITION**<br><br>**(Doc. 27)** |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Petitioner, William Allen Smith, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for prompt disposition of the above-captioned case in accordance with Habeas Rule 4. Petitioner contends that disposition of his petition is necessary because California Proposition 57 has shortened Petitioner's sentence. Petitioner believes that a grant of his petition will further shorten his remaining prison term.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner, If the petition is not dismissed, the judge must order the respondent to file an answer,

1

| | |
|---|---|
| 1 | motion, or other response, within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved. |

The petition in the above-captioned case was filed on November 9, 2015. On November 10, 2015, the Court reviewed the petition and issued a screening order directing Respondent to respond. Respondent filed an answer on March 9, 2016, and Petitioner filed a reply (traverse) on April 25, 2016. Accordingly, the Court has fully complied with the requirements of Rule 4.

By definition, each habeas petition seeks to reduce the remaining sentence of the petitioner who filed it. Every petitioner expects that the Court will address his or her claims as expediently as possible. The Court's limited resources govern the speed with which the Court may address each of the many habeas petitions pending before it. In general, the Court addresses completely briefed cases such as Petitioner's in the order in which they were filed. The petition in the above-captioned case will be addressed in due course.

IT IS SO ORDERED.

Dated: **August 23, 2017**         /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE