UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN SMITH,<br><br>    Petitioner,<br><br>v.<br><br>STUART SHERMAN,<br><br>    Defendant. | No. 1:15-cv-01696-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DECLINE TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(Doc. 1)** |

      Petitioner, William Allen Smith, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges two grounds for habeas relief: (1) "illegal requirement to register as a sexual offender for out-of-state conviction"; and (2) the registration requirement is a violation of his right to equal protection.[1] (Doc. 1 at 4.) The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Petitioner acknowledges in his traverse that the equal protection claim should be dismissed with prejudice, (Doc. 23 at 13); consequently, the Court recommends dismissing the equal rights claim with prejudice. Having reviewed the record as a whole and applicable law, the undersigned further recommends that the Court deny the habeas petition.

---

[1] In his petition, Petitioner also appeared to challenge his registration requirement as a violation of his right to be free from ex post facto punishment. (*See* Doc. 1 at 5.) However, in his traverse, Petitioner explicitly states that he is not raising an ex post facto claim; therefore, the Court will not address this claim.

1

## I. Factual and Procedural Background[2]

Two year old G. and his eight year old brother N. were playing in a vacant lot near their home in Bakersfield when Petitioner pulled up in his girlfriend's car. G. road up to the vehicle on his tricycle, Petitioner opened the door of the vehicle, put the boy in the car, and drove off. N. quickly reported the abduction to his mother, who called the Bakersfield Police Department.

Approximately 30 minutes after G. and N.'s mother called police, an anonymous male caller notified Bakersfield Police that G. could be found at a church roughly 3 miles from the abduction site. An officer found G. crying in the church parking lot 20 minutes later. G. appeared shaken, but did not appear to have suffered any physical injuries. G. went a local hospital for an examination, and was later reunited with his parents.

Later that same day, a Bakersfield Police Detective contacted Petitioner at his mother's home, which was located one to two blocks from the abduction site. Petitioner fit the description of the abductor provided by N. and a vehicle matching the description of the one involved in the crime was parked outside the home. N. positively identified Petitioner as the abductor and Petitioner was taken into custody.[3]

At trial, Petitioner's girlfriend, Dana Williams ("Ms. Williams"), testified that Petitioner dropped her off at work on the day of the abduction and then drove off with her vehicle, which was later identified as the one involved in the abduction. Ms. Williams testified that sometime after the abduction, Petitioner admitted he watched G. and N. play, but stated that G. walked up to the vehicle and climbed inside it by himself. According to Williams, Petitioner claimed he then drove off with G. and dropped him off a few blocks away before calling police.

//

---

[2] Factual information is derived from *People v. Smith*, (Cal. App. Sept. 12, 2000) (No. F032769), and review of the record.
[3] The record does not contain any further information about when or where N. identified Petitioner.

2

In May 1996, a jury convicted Petitioner of kidnapping (Cal. Penal Code § 208(b)). Petitioner was sentenced to 33 years to life in prison with two additional five year enhancements for having two strikes.

Petitioner appealed his conviction and on August 27, 1997, the California Court of Appeal for the Fifth Appellate District affirmed the judgment. Petitioner filed his appeal with the Supreme Court on September 29, 1997. On November 12, 1997, the California Supreme Court summarily denied Petitioner's "Petition for Review."

While his appeal was pending with the Supreme Court, on October 14, 1997, Petitioner filed a petition for writ of habeas corpus challenging the legality of his conviction with the Kern County Superior Court. On September 28, 1998, the Superior Court held that the admission of a statement Petitioner made during an interview with a local television station was improperly admitted at trial.[4] Therefore, the Superior Court granted the petition and Petitioner was granted a new trial.

On January 20, 1999, Petitioner's second jury trial commenced. The second jury convicted Petitioner of kidnapping (Cal. Penal Code § 208(b)). In a bifurcated proceeding, the trial court found true allegations that Petitioner suffered two prior strikes. On March 1, 1999, Petitioner was sentenced to an indeterminate term of 43 years to life.

On September 12, 2000, the Court of Appeal affirmed Petitioner's conviction for kidnapping and affirmed the fact that he suffered one strike. The court remanded the finding on the second strike to the trial court for further proceedings on the issue of whether one of Petitioner's prior convictions[5] constituted a prior serious felony conviction under California law.

---

[4] Petitioner told the television station, "I am guilty of kidnapping, yeah." (Lodged Doc. 6 at 3.) The Superior Court found this statement to constitute a confession; and it was therefore, inadmissible at trial. *Id*. (citing *People v. Hogan*, 31 Cal.3d 815, 843-44 (1982)).

[5] In 1988, Petitioner was convicted of committing a "lewd or lascivious assault upon a child" in Florida, a violation of Florida Statutes § 800.04. *Smith*, (No. F032769), at 19.

3

The Court of Appeal also remanded the case for resentencing. Petitioner filed a "Petition for Review" with the Supreme Court for certain claims that were decided by the Court of Appeal.[6] The "Petition for Review" was summarily denied on December 20, 2000.

Upon remand from the Court of Appeal, the trial court held a hearing on February 21, 2001. At the hearing, the prosecutor informed the court that Petitioner's prior Florida conviction was insufficient to count as a strike in California. The trial court dismissed this strike and sentenced Petitioner to a determinate state prison term of 27 years.

Petitioner appealed his conviction and on October 18, 2001, the appeal was dismissed pursuant to Petitioner's request.[7] Petitioner then filed several state habeas corpus petitions, which were all denied.

On November 9, 2015, Petitioner filed his petition for habeas corpus with this Court. Respondent filed a response on March 9, 2016, and Petitioner replied on April 25, 2016.

**II.     Standard of Review**

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because it was filed April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5

---

[6] The issues presented to the Supreme Court on appeal do not affect the claims before this Court; therefore, the Court will not recite them here.

[7] The record does not contain any further information regarding the reason for Petitioner's request to dismiss his appeal before the Court of Appeal.

4

(1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can obtain habeas corpus relief only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. In doing so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

//

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### III. The Court Will Proceed to the Merits of the Claim Due to the Complex Procedural History of the Case.

A petitioner who is in state custody and wishes to collaterally challenge his conviction through a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d

6

666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). If any of grounds for collateral relief set forth in a petition for habeas corpus are unexhausted, the Court must dismiss the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

Here, in his response to the petition, Respondent assumes, for the purposes of the response, that the petition is timely, and asks the Court to skip the question of whether Petitioner's claim is exhausted and proceed to the merits of the claim. (Doc. 16 at 4.) Petitioner responds that the petition is timely. (Doc. 23 at 6.)

Courts "are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar." *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("It is wasteful of both our resources and that of the litigants to remand to the district court a case in which that court improperly found a procedural bar, if the ultimate dismissal of the petition is a foregone conclusion.")). This is because "[p]rocedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same." *Id*. In this case, based on the complex procedural history of the case, the court will proceed directly to analyzing the merits of Petitioner's claim.

### IV. Petitioner Does Not Raise a Cognizable Federal Claim.

Petitioner contends that California improperly determined that he is required to register under California Penal Code § 290[8] for a prior Florida conviction.[9] (Doc. 1.) Respondent

---

[8] California Penal Code § 290 is the Sex Offender Registration Act, which requires certain individuals residing in California to

> [r]egister with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California

7

counters that Petitioner's claim is not cognizable pursuant to § 2254, because Petitioner does not claim he is in custody in violation of the Constitution or laws or treaties of the United States, which is a requirement for relief pursuant to § 2254. (Doc. 16 at 8) (citing 28 U.S.C. § 2254(a)).

A petitioner seeking federal habeas relief must allege that he is in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The requirement that an individual seeking relief under §2254 be "in custody [ ] is jurisdictional and therefore 'it is the first question we must consider.'" *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (quoting *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998)). "[T]he boundary that limits the in custody requirement is the line between a restraint on liberty and a collateral consequence of a conviction." *Bailey*, 599 F.3d at 979 (quoting *Williamson*, 151 F.3d at 1183) (internal quotation marks omitted). For example, "the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement." *Williamson*, 151 F.3d at 1183 (collecting cases). After determining whether a petitioner is "in custody," the Court must then determine if the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Ninth Circuit has held that the requirement to register as a sex offender in California does not satisfy the "in custody" requirement for purposes of federal habeas relief. *Henry v. Lungren*, 164 F.3d 124, 1242 (9th Cir. 1999). Registration "does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the

---

State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the Act.

Cal. Penal Code §§ 290(a) – (b).

[9] In 1988, Petitioner was convicted of a "lewd or lascivious assault upon a child" in the state of Florida, a violation of Florida Statutes §800.04. *Smith*, (No. F032769), at 19.

purposes of federal habeas corpus relief." *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963). The registration requirement, is "merely a collateral consequence of conviction that is 'not [itself] sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" *Id.* (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989)); *see also McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999) ("We have held that . . . California's sex offender registration statute[ ] do[es] not place a petitioner in custody because the[ ] statute[ ] do[es] not place 'a significant restraint on . . . physical liberty' by restricting the registrant's freedom to move about." (quoting *Williamson*, 151 F.3d at 1183-84)); *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001) ("Several times, we have held that merely being subject to a sex offender registry requirement does not satisfy the 'in custody' requirement. . . .").

Petitioner is only challenging his requirement to register as a sex offender under California law. As set forth above, the Court does not have jurisdiction over Petitioner's petition for habeas corpus relief because he is not "in custody." Therefore, the Court recommends denying the petition for habeas corpus.

### V. **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

//

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

**VI.**    **Conclusion and Recommendation**

Based on the foregoing, the undersigned recommends that the Court deny the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty**

10

**(30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 21, 2018** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE